1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GEORGE CAREY, et. al.,                    No. CIV S-08-2504-JAM-CMK

12              Plaintiffs,

13       vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   UNITED STATES, et al.,

15              Defendants.

16   _____/

17              Plaintiffs, proceeding in pro per, bring this action to quiet title to real property.

18   Originally filed in Shasta County Superior Court on July 28, 2008, the United States removed the

19   case to this court on October 21, 2008, pursuant to 28 U.S.C. § 1442.  Pending before the court is

20   the United States' motion to dismiss.

21       **I.       Background**

22              In the original complaint, Plaintiff names Michael Carey, Leone Carey, Patricia

23   Welch & the United States of America (USA) as defendants in this action.  The complaint

24   alleges the plaintiffs are the beneficiaries of the Ranch Holding Trust and Hidden Meadows

25   Holding Trust and have beneficial interests in three parcels of real property, referred to as the

26   Palo Cedro, Bella Vista and Redding properties.  The complaint claims The Ranch Holding Trust

1    obtained title to the Palo Cedro and Redding properties on July 15, 1996, from Michael and

2    Leone Carey; and The Hidden Meadows Holding Trust obtained title to the Bella Vista property

3    in August 1996, from Patricia Welch.  The complaint claims the USA is estopped from any

4    claims that the properties belong to Michael and Leone Carey due to their bankruptcy

5    proceedings, but that the USA is still claiming a lien or other interest, and claiming the trusts are

6    alter-egos and/or nominees of the Carey defendants.

7           Following removal of this action, Defendant USA filed a motion to dismiss the

8    complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The USA argues the complaint

9    fails to state a claim for which relief can be granted, as the claims raised in the complaint have

10   already been determined by this court in a separate case, United States of America v. Michael

11   Carey, et al., case number 05cv2176 (referred to hereinafter as "foreclosure proceedings"), and

12   are therefore barred under the doctrine of res judicata.  Plaintiffs filed an opposition, and

13   Defendant filed a reply.  A hearing on this matter was held on January 14, 2009.  Following the

14   hearing, the court took the matter under submission, and the parties were provided an opportunity

15   to file supplemental briefs.

16          Instead of filing a supplemental brief, Plaintiffs filed a first amended complaint.

17   The amended complaint makes essentially the same factual allegations.  In addition, the amended

18   complaint alleges that the judgment in the foreclosure proceedings was entered in error based on

19   the bankruptcy proceedings.  Specifically, Plaintiffs allege that "[i]n direct contradiction to the

20   bankruptcy proceedings, which held the properties at issue here *did not* belong to the bankruptcy

21   estate (and the Carey defendant bankruptcy petitioners), this Court's judgment ruled that the

22   properties did belong to the Carey defendants, and entered a foreclosure judgement."  (Am.

23   Compl., Doc. 12, at 4).  Plaintiffs further allege that they were not named as defendants in the

24   foreclosure proceeding, and had they been so named they would have raised this bankruptcy

25   issue in the foreclosure proceedings.

26   / / /

1         In response to the amended complaint, Defendant argued the allegations made in

2    the amended complaint were previously addressed by the motion to dismiss, and requested the

3    court to consider the pending motion to dismiss as related to the first amended complaint.  This

4    request was granted, and the court provided the parties another opportunity to provide additional

5    briefs.  Both parties have filed their additional briefs.

6         In the interim, one of the plaintiffs filed a petition to commence a Chapter 7

7    bankruptcy case.  As a result, this case was stayed pending completion of the bankruptcy

8    proceedings.  The court received notice that the bankruptcy petition was dismissed, and granted a

9    motion to dissolve the stay of this case.  The defendant's motion to dismiss is still pending, and

10   the court finds it is now appropriate to address the merits of that motion.

11       **II.    MOTION TO DISMISS**

12        In considering a motion to dismiss, the court must accept all allegations of

13   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

14   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

15   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

16   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

17   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

18   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

19   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

20   (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

21   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

22        In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

23   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

24   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

25   documents whose contents are alleged in or attached to the complaint and whose authenticity no

26   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

1   and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u>

2   <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

3   of which the court may take judicial notice, <u>see</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

4   1994).  Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

5   amendment can cure the defects."  <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

6   curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

7                   A.      <u>Judicial Notice</u>

8                   There are two cases which are relevant to the issues raised in the motion to

9   dismiss.  Both cases are referred to in Plaintiffs' amended complaint, and are material to the

10  issues before the court.  The court may take judicial notice pursuant to Federal Rule of Evidence

11  201 of matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir.

12  2008).  Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum</u>

13  <u>Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v.</u>

14  <u>U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967).   The court therefore takes judicial notice[1] of the

15  proceedings in the United States Bankruptcy Court, Eastern District of California, case <u>In re:</u>

16  <u>Carey</u>, no. 04-29060-B-7, and the foreclosure proceedings in the United States District Court,

17  Eastern District of California, case <u>United States of America v. Carey</u>, no. 2:05-cv-2176-MCE-

18  CMK.[2]

19                  Therefore, the undersigned finds it appropriate to set forth what the previous cases

20  determined.  In the bankruptcy proceedings of the Plaintiffs' parents, Michael and Leone Carey

21  (the Carey defendants), the Internal Revenue Service (IRS) filed an adversary proceeding,

22  requesting the bankruptcy court find the tax liabilities non-dischargeable.  In an April 25, 2005

23  

24          [1]      To the extent Plaintiffs object to the court taking judicial notice of the relevant
    cases, those objections are overruled.

25          [2]      Plaintiffs have file a notice of related cases, indicating this matter is related to the
    foreclosure proceedings.  However, as the undersigned is recommending the motion to dismiss
26  be granted in this case, it does not appear to be appropriate to issue a related case order.

                                                    4

memorandum decision, the bankruptcy court found the debtors used sham trusts for the purpose of tax evasion, and determined the taxes were non-dischargeable. Before the bankruptcy court was the question of whether the tax liability was dischargeable. There is nothing in the bankruptcy court's decision that the undersigned found related to the question of who owned the real property at issue in these proceedings.

In the foreclosure proceedings, the USA initiated the action in order to obtain a judgment on the tax liens the bankruptcy court found non-dischargeable, a determination as to the rightful owner of the real estate, and a finding that the property could be foreclosed to satisfy the tax liabilities. In that action, the USA named as defendants not only Michael and Leone Carey, but also the trustees of each of the trusts at issue in this case, Douglas Carpa, Robert Talbot and Michael Bloomquist, as Trustees of the Ranch Holding Trust and Hidden Meadows Holding Trust, respectively. During the proceedings in that action, defendants Carpa and Bloomquist filed answers which were stricken by the court as improper, finding that as trustees of the trusts they could not appear in propria persona as representatives of the trusts. The court provided the trustees an opportunity to appear through counsel, but after no appearance was made within the time provided, the Clerk entered the default of the trustees: Talbot, Carpa and Bloomquist. Based on the entry of default against the trustees, and the admissions of the Carey defendants, the court granted the plaintiff's motions for default and summary judgment. In the court's July 5, 2007, memorandum and order granting the motions for default and summary judgment, the court discussed the significant litigation history involving the Carey defendants and the subject trusts and properties, including tax court and bankruptcy court proceedings. The court noted the prior decision from the tax court found the Carey defendants used several trusts, including the trusts relevant to this case, as sham and invalid trusts.

In the foreclosure proceedings, the court, based on the allegations in the complaint upon the default of the trustees, and the "deemed" admissions of the Carey defendants, found that "the Careys are the true and beneficial owners of the Bella Vista Property despite any purported

interest held by the Hidden Meadows Holding Trust," and that "the Careys use the Ranch

Holding Trust and the Hidden Meadows Holding Trust as sham entities, including the Palo

Cedro, Redding, and Bella Vista properties, in an attempt to shield those properties from the

reach of their creditors."  (Memo. & Order, Doc. 109, No. 05cv2176, at 11).  The court

concluded that "the Ranch Holding Trust, the Hidden Meadows Holding Trust, and Pamela Graff

have no interest in the Palo Cedro, Redding, and Bella Vista properties. . . . .In addition, the

Court finds Michael and Leona Carey are the true owners of the Palo Cedro, Redding, and Bella

Vista properties."  (Id. at 14).

   B.  <u>Motion</u>

    Here, the USA argues the plaintiffs are precluded from bringing this case under

the doctrine of collateral estoppel and res judicata.  Under the doctrine of res judicata, Defendant

argues this case involves the same parties or those in privity with them, as in the previous case,

and involved the same claim (i.e., who owns the properties), the Carey defendants made the

argument (as the Plaintiffs do here) that they do not own the real property and the trusts are the

true owners of the properties.  Defendant also argues that the judgment in the prior case based on

the default of the trusts does not preclude res judicata because the trustees had knowledge of the

case and actually attempted to appear in the action, even though their appearance was not

allowed pro se on behalf of the trusts.  Thus, even though the plaintiffs were not personally

involved as party in the previous case, their interests were so similar to that of the trustees as to

be virtually represented in the prior action, because the trustees had an obligation to secure the

trust beneficiaries' interest, if any, in the properties.  Indeed, Defendant argues that the trustees in

the prior action were in fact the plaintiffs' representative and the plaintiffs are bound by the prior

court decision.

    In addition, Defendant argues res judicata bars this action as the issue is identical,

the interests established in the prior judgment would be destroyed or impaired because this action

could result in a different determination as to who owns the properties, the same right is involved

1   (ownership of the properties), and the same evidence would be used (i.e., trust documents, notice

2   of federal tax lien, deeds, the trusts and the beneficiaries).

3           C.      Opposition

4           Plaintiffs' opposition to the motion was originally based on the argument that the

5   motion goes beyond a proper Rule 12(b) motion in that it relies on matters outside the complaint

6   and Defendant does not request the court take any judicial notice.  They also argue that removal

7   was improper because the state court had already entered judgment and the removal was done

8   without the consent or agreement of any co-defendant and was done without showing cause.  In

9   addition, Plaintiffs argue the bankruptcy proceedings of the Carey defendants preclude the

10  Defendant's position because the Carey defendants did not include the properties as part of their

11  estate and the assertion that the properties belonged to the Carey defendants was rejected.  As to

12  the foreclosure proceedings, the Plaintiffs claim estoppel does not apply because that case was

13  against the trustees alone, without the beneficiaries being a party, and therefore is not binding on

14  the beneficiaries especially because the trustees did not defend against the action.

15          D.      Reply

16          In the original reply, Defendant argues that in contrast to the Plaintiffs' argument,

17  the bankruptcy court did not address the issue of ownership of the properties during the

18  adversarial proceedings.  Defendant further argues that collateral estoppel and res judicata do

19  apply because Plaintiffs' interests were similar to that of the trustees of the trusts who were

20  named in the prior foreclosure action, and the trustees had a duty and obligation to defend against

21  an action which may result in a loss to the trusts.  Although the trustees failed to defend in the

22  foreclosure action, the Plaintiffs are still bound by the prior court determination that the Carey

23  defendants are the true and beneficial owners of the properties and the trusts have no interest

24  therein.  This is distinguishable, Defendant asserts, from a trustee under a deed of trust because a

25  deed of trust typically secures a debt owed to a beneficiary, thus the interests of the trustees and

26  the beneficiaries are not the same.  However, here the trustees and the beneficiaries had the same

7

1  interest in who owned the properties.

2                 E.       Supplemental Response

3            In Plaintiffs' supplemental response, allowed by the court, Plaintiffs argue that the

4  amended complaint is materially different from the original in that the Plaintiffs are now

5  requesting relief from the foreclosure proceedings judgment under Federal Rule of Civil

6  Procedure 60(d).

7                 F.       Supplemental Reply

8            In response, Defendant argues that to the extent Plaintiffs are requesting relief

9  from the prior judgment under Rule 60(d), the amended complaint provides no grounds, no

10  authority, and no facts, to support their claim.  In addition, there is nothing in their supplemental

11  response to support their claim.

12         **III.**     **DISCUSSION**

13            Two related doctrines of preclusion are grouped under the term "res judicata."

14  Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines, claim

15  preclusion, forecloses "successive litigation of the very same claim." Id.  There are three

16  elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between

17  parties." Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).  Claim

18  preclusion prevents a plaintiff from later presenting any legal theories arising from the "same

19  transactional nucleus of facts."  Hells Canyon Preservation Council v. U.S. Forest Service, 403

20  F.3d 683, 686 n.2 (9th Cir. 2005).  "Issue preclusion . . . bars successive litigation of an issue of

21  fact or law actually litigated and resolved in a valid court determination essential to the prior

22  judgment, even if the issue recurs in the context of a different claim." Taylor, 128 S. Ct. at 2171

23  (internal citation, quotation omitted).

24            Determining the identity of claims, the court considers:

25      (1) [w]hether rights or interests established in the prior judgment
    would be destroyed or impaired by prosecution of the second
26      action; (2) whether substantially the same evidence is presented in

> the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Headwaters, 399 F.3d at 1052 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citations omitted).

Here, the undersigned finds the claims are the same, a final judgment has been rendered on the merits of those claims, and there is privity between the parties. Looking at the claims raised in the cases, the USA filed the foreclosure proceeding in order to determine that the Carey defendants were liable for the tax liabilities, that the Carey defendants are the true and beneficial owners of the three pieces of real estate despite any purported interests held by the trusts, and that foreclosure of those properties is proper. Thus, the claim for a determination as to who held title to the three subject properties was specifically raised in the foreclosure proceeding. The Plaintiffs here argue that despite the previous court decisions, they are the true and beneficial owners of the properties as beneficiaries of the trusts. The undersigned sees no significant difference in the Plaintiffs' claim in this case from that raised in the foreclosure proceeding. To find otherwise would result in the destruction the rights established by the prior judgment. In addition, the same substantial evidence would be used to determine ownership of the properties, the same right is at issue in both cases (ownership of the properties), and the two cases arise out of the same nucleus of facts (whether the trusts were set up as sham trusts).

A final judgment on the merits was rendered in the foreclosure proceeding. The District Court entered final judgment on merits by granting a motion for default judgment against the trustees and a motion for summary judgment against the Carey defendants. The doctrine of res judicata applies even against a default judgement. See Morris v. Jones, 329 U.S. 545, 550-51 (1947).

Finally, there was privity between the parties. "[N]onparty preclusion may be justified based on a variety of pre-existing substantive legal relationship[s] between the person to

9

1    be bound and the party to the judgment." <u>Taylor</u>, 128 S. Ct. at 2172 (internal quotations,

2    citations omitted).  In addition, "a nonparty may be bound by a judgment because she was

3    'adequately represented by someone with the same interests who [wa]s a party' to the suit. <u>Id.</u>

4    (quoting <u>Richards v. Jefferson County</u>, 517 U.S. 793, 798 (1996)). While the Plaintiffs argue

5    they were unaware of the prior proceedings, they allege they are the beneficiaries of the trusts

6    they purport own the properties.  The trustees were named defendants in the foreclosure

7    proceedings. As beneficiaries of a trust, they are in privity with the trustee, unless their interests

8    are in conflict with the trustee.  Here, that is not the case.  The trustees had a fiduciary duty to

9    protect the property of the trusts, for the benefit of the beneficiaries.  Whether they breached that

10   fiduciary duty is not before this court.  But the interests of the trustee and interests of the trust

11   beneficiaries were the same, that is a determination that the trust was the true and rightful owner

12   of the properties.  Therefore, the undersigned finds that the Plaintiffs were in privity with the

13   parties involved in the foreclosure proceedings.

14           As the claims raised in the prior cases are the same as those raised in this action,

15   there is a final judgment on the merits determining who owns the subject properties, and the

16   Plaintiffs were in privity with the parties of the prior litigation, the undersigned finds the claims

17   raised herein are barred by the doctrine of res judicata.  Accordingly, the undersigned will

18   recommend the motion to dismiss be granted.

19                          **IV.    RULE 60**

20           Plaintiffs also argue that the first amended complaint requests this court relieve

21   them from the prior judgment in the foreclosure proceeding.  Plaintiffs do not specify the basis

22   for their request, nor do they set forth any facts to support their contention.  In the amended

23   complaint, Plaintiff simply state they are bringing this action, in the alternative, to "obtain relief

24   from a judgment under Rule 60(d)."  (Amend. Compl., Doc. 12, at 1).  They further state the

25   judgment in the prior foreclosure action is void or ineffective against them.  Such vague and

26   conclusory allegations are insufficient.  <u>See Iqbal</u>, 129 S. Ct. at 1949-50.

1    In addition, Rule 60 allows a party or its legal representative to be relieved from a

2  final judgment.  There is nothing in the rule which allows a non-party, even one in privity with a

3  party, to bring such a motion or independent action.  It therefore appears that Plaintiffs do not

4  have standing to bring such a motion or independent action.

5                    **V.    CONCLUSION**

6    The undersigned finds the claims raised in this case are barred under the doctrine

7  of res judicata.  The ownership of the subject properties has been determined in previous

8  litigation, and the court should not disturb that final judgment.

9    Based on the foregoing, the undersigned recommends that Defendant's motion to

10  dismiss be granted.

11    These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Failure to file objections within the specified time may waive

16  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED: May 6, 2010

19                                                    _____

20                                                    **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

                                             11